UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

MICHAEL ORR,                           )
                                       )
                    Plaintiff,         )
                                       )       CAUSE NO. 3:18CV279-PPS
            vs.                        )
                                       )
OFFICER BROWN,                         )
                                       )
                    Defendant.         )

OPINION AND ORDER

Michael Orr, a *pro se* prisoner, filed a complaint alleging that Officer Brown used

excessive force against him at the Westville Correctional Facility on August 19, 2016.

ECF 2. Pursuant to 28 U.S.C. § 1915A, I must review a prisoner complaint and dismiss it

if the action is frivolous or malicious, fails to state a claim upon which relief may be

granted, or seeks monetary relief against a defendant who is immune from such relief.

Under federal pleadings standards, the plaintiff "must do better than putting a few

words on paper that, in the hands of an imaginative reader, *might* suggest that

something has happened to [him] that *might* be redressed by the law." *Swanson v.

Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original). Instead, the

plaintiff must provide sufficient factual matter to state a claim that is plausible on its

face. *Ray v. City of Chicago*, 629 F.3d 660, 662-63 (7th Cir. 2011).

The complaint alleges the following.  On August 19, 2016, Orr handed his empty

lunch tray to Officer Brown through the cuff port of his cell door. Without any reason or

justification, Officer Brown grabbed Orr's right arm while it was in the cuff port and

"smashed, twisted, grinded, cut, and sliced Plaintiff's arm against the cuff-port's sharp metal edges." ECF 2 at 3. During this incident, Officer Brown was bragging that he was about to break Orr's arm. Another guard eventually arrived and stopped Officer Brown from doing any more harm. Orr sues Officer Brown for money damages.

The "core requirement" for an excessive force claim is that the defendant "used force not in a good-faith effort to maintain or restore discipline, but maliciously and sadistically to cause harm." *Hendrickson v. Cooper*, 589 F.3d 887, 890 (7th Cir. 2009) (internal citation omitted). "[T]he question whether the measure taken inflicted unnecessary and wanton pain and suffering ultimately turns on whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." *Whitley v. Albers*, 475 U.S. 312, 320-21 (1986) (quotation marks and citation omitted). Orr claims that Officer Brown injured his right arm maliciously to cause him harm. This is sufficient to state a claim against Officer Brown for use of excessive force in violation of the Eighth Amendment and thus Orr may proceed against him.

ACCORDINGLY:

(1) Orr is GRANTED leave to proceed against Officer Brown in his individual capacity for monetary damages for using excessive force against him on August 19, 2016, in violation of the Eighth Amendment;

(2) all other claims are DISMISSED;

(3) the clerk and the United States Marshals Service are DIRECTED to issue and serve process on Officer Brown at the Indiana Department of Correction with a copy of this order and the complaint (ECF 2) as required by 28 U.S.C. § 1915(d); and

(4) Officer Brown is ORDERED to respond, as provided for in the FEDERAL RULES OF CIVIL PROCEDURE and N.D. IND. L.R. 10.1, only to the claim for which the *pro se* plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on July 9, 2018.

_____/s/ Philip P. Simon_____
Judge
United States District Court