UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

MICHAEL ORR,

    Plaintiff,

v.

OFFICER BROWN,

    Defendant.

CAUSE NO.: 3:18-CV-279 DRL-MGG

## OPINION AND ORDER

Mr. Michael Orr, a prisoner without a lawyer, was granted leave to proceed on an Eighth Amendment claim against Officer Daniel Brown for using excessive force against him at the Westville Correctional Facility on August 19, 2016. Mr. Orr alleges that, as he handed his empty lunch tray to Officer Brown through the cuff port of his cell door, Officer Brown "smashed, twisted, grinded, cut, and sliced [his] arm against the cuff-port's sharp metal edges." ECF 6 at 1-2. Mr. Orr says Officer Brown bragged that he was about to break Mr. Orr's arm when another guard arrived on the scene and stopped Officer Brown from doing any more harm. *Id.* Officer Brown filed the instant motion for summary judgment (ECF 23) arguing that Mr. Orr failed to exhaust his administrative remedies.

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A triable issue exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The court must construe all facts and draw all reasonable inferences in the non-moving party's favor. *Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003).

Pursuant to 42 U.S.C. § 1997e(a), prisoners must exhaust available administrative remedies before filing lawsuits in federal court. A "suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits,

even if the prisoner exhausts intra-prison remedies before judgment." *Perez v. Wisconsin Dept. of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999). "Failure to exhaust is an affirmative defense that a defendant has the burden of proving." *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015).

Taking a "strict compliance approach to exhaustion," *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006), as the court must, a "prisoner who does not properly take each step within the administrative process has failed to exhaust state remedies." *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002). That said, prisoners need only exhaust "available" administrative remedies. *Woodford v. Ngo*, 548 U.S. 81, 102 (2006). A remedy's availability is not a matter of what appears "on paper," but what process in actuality was available for the prisoner to pursue. *Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006). Thus, for example, when prison staff hinder an inmate's ability to use the administrative process, such as refusing him necessary forms, failing to respond to a properly filed grievance, or using "affirmative misconduct to prevent a prisoner from exhausting," administrative remedies are not considered "available." *Dole*, 438 F.3d at 809; *see also Kaba*, 458 F.3d at 684. In short, "[p]rison officials may not take unfair advantage of the exhaustion requirement." *Dole*, 438 F.3d at 809.

Officer Brown claims Mr. Orr failed to exhaust his administrative remedies as required by 42 U.S.C. § 1997e(a). ECF 23; 25. Officer Brown relies on the Offender Grievance Process, IDOC Policy No. 00-02-301, which became effective on October 1, 2017. ECF 25-1 at 1-15. He argues that Mr. Orr failed to appeal the Offender Grievance Response Report (ECF 2-2 at 7) denying his formal appeal as required by this policy. ECF 25 at 4; 25-1 at 12-13. Furthermore, Officer Brown asserts that Mr. Orr did not comply with this 2017 policy because he used the wrong form when he filed his informal complaint and because his formal appeal was not timely filed. ECF 25 at 4.

Mr. Orr contends that the 2017 version of the Offender Grievance Process, IDOC Policy No. 00-02-301, was not yet in effect at the time he filed his grievance. ECF 31 at 1-3; 32-1 at 3-5, 8-10. Indeed, the policy has an effective date of October 1, 2017, but Mr. Orr's grievance was initiated on

August 25, 2016. It seems that Mr. Orr is right that the Offender Grievance Process policy, IDOC No. 00-02-301, with an effective date of April 5, 2015, governs here. ECF 32-2 at 12-22. Officer Brown has not filed a reply to demonstrate this position is erroneous. Under the 2015 version, Mr. Orr needed to file an informal complaint, a formal complaint, and a formal appeal under procedures different than Officer Brown has argued in his motion.

For instance, on August 25, 2016, IDOC grievance records show that Mr. Orr filed an informal complaint using State Form 52897, the same form identified in the 2015 policy. ECF 2-2 at 3; 32-2 at 13. Thus, Officer Brown's argument that Mr. Orr should have used State Form 36935 (found in the 2017 policy but seemingly not in the 2015 policy) is of no moment; in fact, it was not the "available" process. In addition, Mr. Orr's informal grievance was accepted and considered on its merits, not rejected because of any improper form. ECF 2-2 at 3.

Because the issues raised in the informal complaint were not resolved to his satisfaction, on September 14, 2016, Mr. Orr filed a formal complaint or offender grievance using State Form 45471. ECF 2-2 at 4; *see also* ECF 32-2 at 15. On October 4, 2016, Mr. Orr received an Offender Grievance Response Report to his formal complaint from the prison's grievance specialist. ECF 2-2 at 5. After reviewing the response, Mr. Orr placed a checkmark on the line marked "Disagree" on the Offender Grievance Response Report to indicate he intended to file a formal appeal. *Id.*

On October 21, 2016, Mr. Orr filed a formal appeal using State Form 45473. ECF 2-2 at 6. The defendant contends that Mr. Orr's appeal was untimely, albeit based on the wrong policy, but his appeal was not rejected for that reason. ECF 2-2 at 7. Instead, on November 30, 2016, Mr. Orr received an Offender Grievance Response Report from the grievance manager denying his formal appeal, which constituted the final step of the grievance process. ECF 2-2 at 7; 32-2 at 21.

While Officer Brown contends that Mr. Orr had a further obligation to appeal the denial of his formal appeal under the Offender Grievance Process effective October 1, 2017, that policy varies

3

from the 2015 version of the policy, which does not require anything beyond the filing of an appeal of the denial of a formal grievance. *Cf.* ECF 32-2 at 19-22; ECF 25-1 at 12.

On this record, Mr. Orr completed each step required by the Offender Grievance Process policy in effect at the time he initiated his grievance, and thus initiated this lawsuit after he exhausted his administrative remedies under 42 U.S.C. § 1997e(a). If there were any lateness in initiating his formal appeal based on the 2015 policy actually in effect, the IDOC never treated it as such and instead accepted the appeal and permitted Mr. Orr to exhaust his administrative remedies. *See, e.g., Pozo*, 286 F.3d at 1025. His administrative remedies thus exhausted based on the right version of the Offender Grievance Process policy, the court DENIES the summary judgment motion (ECF 23).

SO ORDERED.

August 16, 2019                                      *s/ Damon R. Leichty*
                                                     Judge, United States District Court