UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

MICHAEL ORR,

        Plaintiff,

   v.                                           CAUSE NO. 3:18-CV-279-DRL-MGG

OFFICER BROWN,

        Defendant.

OPINION & ORDER

Michael Orr, a prisoner without a lawyer, has pursued an excessive force claim against Officer Daniel Brown, a correctional officer at Westville Correctional Facility. Mr. Orr claims that, on August 19, 2016, as he was attempting to return his lunch tray through the "cuff-port," Officer Brown without warning or justification "smashed, twisted, grinded, cut, and sliced [his] arm against the cuff-port's sharp metal edges," causing him significant pain and injury. Mr. Orr now moves for summary judgment in his favor. Officer Brown opposes the motion, arguing that material factual disputes preclude the entry of summary judgment. Mr. Orr was granted an extension of time, until May 25, 2020, to file a reply in support of his motion. That deadline passed approximately sixty days ago; and, to date, no reply has been filed. The motion is ripe for decision.

Under Federal Rule of Civil Procedure 56, the court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine dispute of material fact exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Daugherty v. Page*, 906 F.3d 606, 610 (7th Cir. 2018). In deciding whether a genuine dispute of fact exists, the court must "consider all of the evidence in the record in the light most favorable to the non-moving party, and . . . draw all reasonable inferences from that evidence in favor of the party opposing summary

judgment." *Dunn v. Menard, Inc.*, 880 F.3d 899, 905 (7th Cir. 2018) (citation omitted). At the summary judgment stage, the court cannot "weigh conflicting evidence," or "make credibility determinations," as both functions "are the province of the jury." *Omnicare, Inc. v. UnitedHealth Grp., Inc.*, 629 F.3d 697, 704-05 (7th Cir. 2011) (citations omitted). Instead, the court's sole function is "to determine whether there is a genuine issue for trial." *Tolan v. Cotton*, 572 U.S. 650, 657 (2014).

Here, Mr. Orr is proceeding on an excessive force claim under the Eighth Amendment. The "core requirement" for an excessive force claim is that the defendant "used force not in a good-faith effort to maintain or restore discipline, but maliciously and sadistically to cause harm." *Hendrickson v. Cooper*, 589 F.3d 887, 890 (7th Cir. 2009) (citation omitted). Several factors guide the inquiry of whether an officer's use of force was legitimate or malicious, including the need for an application of force, the amount of force used, and the extent of the injury suffered by the prisoner. *Id.*

Mr. Orr argues that he is entitled to summary judgment in his favor because Officer Brown "cannot dispute any of [Mr.] Orr's genuine issues of material fact."[1] He says the record shows that Officer Brown clearly used excessive force, attacking him "out of the blue," though he wasn't "resisting or disobeying any prison infraction whatsoever." In support, he submits his own affidavit, in which he attests that on the date in question, he was doing nothing wrong and was simply handing Officer Brown his lunch tray when, without warning or justification, Officer Brown grabbed his arms and smashed them repeatedly against the metal edges of the cuff-port. He further attests that Officer Brown made the comment, "I got me another one, I'm about to break it," which Mr. Orr took to mean Officer Brown intended to break his arm. He says the attack continued until another officer intervened. He further attests that, as a result of this incident, he suffered physical pain "that took six

---

[1] Mr. Orr also suggests that he is entitled to summary judgment because Officer Brown failed to cooperate in discovery. If true, this might warrant relief under Rule 37, but not Rule 56. In any event, the record doesn't bear out Mr. Orr's assertion. Mr. Orr filed two motions to compel discovery, both of which were denied because Officer Brown responded to the discovery requests. Mr. Orr complained that he didn't receive copies of Office Brown's discovery responses, but the clerk mailed him an additional copy at his request.

2

weeks to heal," as well as "cuts, bleeding, bruising, swelling, and scarring on both forearms." Based on this evidence, he argues that he is entitled to summary judgment in his favor.

Because Officer Brown is the non-movant, the court must construe the evidence and draw all reasonable inferences in his favor. *Tolan*, 572 U.S. at 657; *Dunn*, 880 F.3d at 905. Officer Brown offers a vastly different account of this incident. In his affidavit, he says he was collecting lunch trays in Mr. Orr's unit. After Mr. Orr passed him his lunch tray, Mr. Orr "clamped his hands down," effectively taking the cuff-port "hostage" by preventing Officer Brown from closing it. Officer Brown gave Mr. Orr a verbal warning to remove his hands, but Mr. Orr didn't comply. Officer Brown attests that he then "took Mr. Orr's wrists in my hands and attempted to get his hands unclamped and out of the cuff port so the cuff port could be closed." He claims there was "nothing malicious or sadistic" about his use of force, and that he had no intention of breaking Mr. Orr's arm, but was merely trying to remove Mr. Orr's hands so that he could close the cuff-port. Officer Brown further attests that Mr. Orr had only "superficial lacerations" as a result of this incident.

If Mr. Orr's account is to be believed, a jury might say Officer Brown gratuitously and sadistically caused him serious injuries for no legitimate reason. If Officer Brown's account is to be believed, a reasonable jury could say he was attempting to restore order in the facility and to obtain compliance with a direct order by a recalcitrant inmate and, in doing so, caused only superficial injuries. On summary judgment, the court is not permitted to weigh conflicting evidence or decide whose account is more credible, as those are functions of the jury. *Omnicare*, 629 F.3d at 704-05. Accordingly, genuine triable issues remain, precluding the entry of summary judgment.

For these reasons, the court DENIES Mr. Orr's motion for summary judgment (ECF 55).

SO ORDERED.

July 23, 2020                                             *s/ Damon R. Leichty*
                                                         Judge, United States District Court